JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Adrian Webb, appeals the lower court's imposition of maximum and consecutive sentences for a total of 34-1/2 years of incarceration after pleading guilty to the following offenses: three counts of sexual battery, in violation of R.C. 2907.03, felonies of the third degree; three counts of corruption of a minor, in violation of R.C. 2907.04, felonies of the fourth degree; and three counts of unlawful contact with a minor, in violation of R.C. 2907.04, felonies of the third degree.
 {¶ 2} From August 1999 through April 2001, Webb, a 24-year-old married man and father of two children, engaged in various sex acts with the victim, a twelve-year-old runaway, while involved in an ongoing relationship with her. The victim met Webb through her cousin. The victim and her ten-year-old sister ran away from home for extended periods of time and received temporary shelter at both Webb's home and his mother's home. The sexual contact between Webb and the victim occurred at both above-mentioned residences during which time Webb's wife was pregnant.
 {¶ 3} Webb engaged in deceptive and threatening behavior towards the victim during the course of their relationship. At one point, he accepted $1500 from the victim, who had stolen the money from her grandmother. Webb threatened the victim and ordered her not to tell anyone the whereabouts of the money or disclose the nature of their relationship. He directed the victim to refer to him as "Willie," his brother's name, in order to avoid possible trouble.
 {¶ 4} In addition to Webb's sexual contact with the victim, he also attempted to engage in sexual contact with the victim's ten-year-old sister. He attempted to pull down her pants while she was sleeping. Apparently, the younger sister ran out of the room and said to the victim, "You better get your man." (Tr. 26).
 {¶ 5} During Webb's sentencing, the mother of the girls stated that Webb had sexual contact with both girls. In addition, both girls, on separate dates, filed complaints with the Cleveland Police Department's Sex Crimes and Child Abuse Units against Webb, who they identified as "Willie" with his actual name listed in parentheses afterward.
 {¶ 6} At the sentencing hearing, the girls' mother and father addressed the court informing the court about the devastation Webb had inflicted upon their daughters. The father stated that, upon the filing of the complaint with the police, their home was firebombed and shot up. Webb also addressed the court apologizing to the family and asking for forgiveness.
 {¶ 7} Next, the court recited specific facts from the presentence report and reviewed Webb's prior criminal record. It should be noted that the court first fulfilled its obligation to provide its reasons in support of the statutory findings. The court, subsequently, in the sentencing, incorporated the statutory findings. Although it is a more efficient and succinct practice for the court to give the statutory findings first and then apply its reasons for sentencing, the lower court met its obligation for sentencing a maximum and consecutive sentence in this instance.
 {¶ 8} The court examined the devastating effect of the relationship between Webb and the victim. The court acknowledged the deception utilized by Webb to avoid being discovered. The court further recognized Webb's threats to the victim to conceal his surreptitious acts and to keep stolen money. The court took note of Webb's attempts to corrupt the younger sister. In addition, the court noted Webb's marital status and the fact that his wife was pregnant at the time that these activities occurred in his house. The court indicated Webb had no prior felonies, but had been released on charges of robbery and grand theft and had numerous traffic violations.
 {¶ 9} Next, the court proceeded to state the statutory findings for maximum and consecutive sentences as well as stating that Webb was not amenable to community control sanctions.
 {¶ 10} Appellant appeals his sentence and presents one assignment of error for our review:
 {¶ 11} "Adrian Webb has been denied of his liberty without due process of law by the maximum, consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure."
 {¶ 12} Appellant argues that, although the lower court used the required "magic words," the record does not support its findings for imposing maximum and consecutive sentences. He further argues the lower court failed to consider the mitigating and aggravating factors as listed in R.C. 2929.12. He does not allege that the court failed to recite the specific statutory findings prior to imposing sentence.
 {¶ 13} First, we will examine the relevant statutory provisions and then the court's stated reasons related to the statutory findings. When imposing a maximum sentence, the court must comply with R.C.2929.14(C):
 {¶ 14} "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 15} In support of this statutory finding, the court had previously documented from the presentence report particular acts that warranted a maximum sentence and specifically stated further reasons in close proximity to the statutory findings. The court stated, "I have to take into consideration the circumstances in this case, and whether or not because you do not have a prior record it is appropriate to give you community controlled sanctions. * * * It is a saying often quoted by Susan Brown, when you rape or abuse them sexually you do not just harm them you take their soul. This is especially true with a victim of this age. Her life is inextricably altered, and you've taken away that child's innocence." The court made findings pursuant to R.C. 2929.13(B) that a prison term was consistent with protecting the public from future crimes and punishing the offender; also, that Webb was not amenable to community controlled sanctions.
 {¶ 16} The court further stated, "I've taken the time today to read these facts (from the presentence report) into the record because I do think they are egregious. I do think that not only did you have a young victim here who was really unable to consent, but this went on for some period of time and this went on in an atmosphere around your family and certainly in contravention with what I'm sure your wife and children would have wanted, as was stated by the victim's mother here today. And you have children so you understand all too well what this meant."
 {¶ 17} The court continued to make the findings that the shortest term of imprisonment would demean the seriousness of the offender's conduct and would not adequately protect the public. The court stated, "I can think of no worse form of the offense than what you have committed here today; not only engaged in sexual activity with this victim, you did so in the presence of her sister. The nature of your relationship certainly facilitated the offense. And somehow you lured the victim away from her home so she could stay with you for a long period of time and engage in sexual conduct with you."
 {¶ 18} The court then proceeded to the findings pursuant to R.C.2929.14(C), that this was the worst form of the offense and appellant posed the greatest likelihood of committing future crimes. Appellant argues the court erred in relating certain facts to finding the worst form of the offense. As noted previously, the court indicated many reasons for the determination of the worst form of the offense. However, in particular, the appellant takes issue with the findings that he engaged in sexual activity in the presence of the victim's sister and he lured the victim from her home. Since the appellant always took great effort to avoid detection, he argues the victim's sister was not present during the sexual acts. However, the record does support allegations of sexual contact between both appellant and the victim and appellant and the victim's younger sister, as noted by the complaint to police. The victim's mother stated at sentencing that appellant had "taken" the younger as well as the older daughter, referring to sexual acts. Furthermore, the victim's sister was well aware of the victim's relationship with the appellant and its nature. Although the court may have given a slightly inaccurate description of one of the sordid details of appellant's various sexual acts with a minor, a myriad of other facts support the worst form of the offense argument.
 {¶ 19} Appellant argues the court utilized sexual activity, an element of the offense, to support its finding of worst form of the offense. However, the court stated the appellant abused his relationship with the victim to lure her away for extended periods of time, which goes beyond any element of the crime.
 {¶ 20} When imposing consecutive sentences, the court must comply with R.C. 2929.14(E)(4)(a), (b) and (c) as follows: If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 21} "The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 22} "The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 23} "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 24} Again, appellant does not argue that the court failed to make these findings. The record is clear to that effect. The court stated the offenses of sexual battery, corruption of a minor and unlawful sexual contact with a minor were all separate acts.
 {¶ 25} Specifically, the court noted, "This occurred over a long period of time. This occurred in various residences. And the court takes this, as do the citizens of the State of Ohio, very seriously. Each time you violated this young lady was a separate and distinct act. You had numerous conversations, and several of them being on tape, with people about your activities. That seemed to be part of the excitement for you. At any time you could have ceased and desisted this activity, yet it occurred over a long period of time."
 {¶ 26} Again, the lower court provided details from the presentence report earlier in the sentencing hearing, then the court gave additional reasons in close proximity in time to the statutory findings to form the significant nexus between the court's reasons and the statutory findings. Although the court did not specifically state the findings first and then relate its reasons to the findings, there is no obligation to do so in the sentencing statutes. The sentencing statutes do not put an obligation upon the lower court to provide the statutory findings and its reasons in such close proximity on the record in order for the reasons to be of effect.
 {¶ 27} The lower court did provide its detailed reasoning throughout the course of the sentencing hearing and went to great lengths to provide an in-depth explanation for the maximum and consecutive sentences issued. The assignment of error is overruled, and we affirm the lower court's sentence.
Colleen Conway Cooney, J., Concurs In Judgment Only.
Diane Karpinski, J., Dissents (With Separate Opinion)